UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

XIU QING WANG,

        Plaintiff,

                                      Case No. 07-CV-12497
vs.                                HON. GEORGE CARAM STEEH

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, and
JACK Y. LIN, Field Office Director,
United States Citizenship and Immigration
Services' Detroit District Office,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (# 2) AND DENYING DEFENDANT'S MOTION TO FILE A SUPPLEMENT (#13) AS MOOT

Defendants United States Citizenship and Immigration Services (USCIS) and USCIS Field Office Director Jack Linn move to dismiss plaintiff Xiu Qing Wang's complaint challenging the USCIS's denial of her application for adjustment to permanent resident status. In the alternative, defendants move for summary judgment of the claim. Wang filed a response incorporating her own motion for summary judgment. A hearing was held on October 29, 2007. For the reasons set forth below, defendants' motion to dismiss will be GRANTED and the case will be DISMISSED for lack of subject matter jurisdiction.

Plaintiff Xiu Wang, a resident of China, filed a complaint on June 11, 2007 invoking the Administrative Procedures Act (APA) and alleging that, on May 4, 2007, Linn wrongfully denied her application for adjustment to permanent resident status as the unmarried daughter of a United States permanent resident. USCIS reasoned that, because Wang was admitted to the United States on April 27, 1996 under a K-1 visa as a nonimmigrant

fiancé of a United States citizen, her failure to conclude the marriage within 90 days of entry precluded an adjustment of Wang's status as a child of a United States permanent resident by operation of 8 U.S.C. § 1255(d). Wang alleges that § 1255(d) is inapplicable because her application for adjustment to permanent resident status is governed by 8 U.S.C. § 1255(i) as the beneficiary of her father's approved relative immigrant visa application filed after January 14, 1998.

USCIS and Linn move to dismiss arguing the court should decline to exercise subject matter jurisdiction because Wang may reapply for an adjustment of status in removal proceedings before an Immigration Judge. USCIS and Linn move for summary judgment arguing 8 U.S.C. § 1255(d) bars an adjustment of Wang's status as a matter of law.

Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. Kinsey v. Kinsey, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996)). "The court has wide discretion to consider materials outside the complaint in assessing the validity of its jurisdiction." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990).

Wang argues subject matter jurisdiction exists under § 10(c) of the APA, 5 U.S.C. § 704, which provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

Wang maintains that the May 4, 2007 decision denying her application for adjustment of status is a final agency decision directly reviewable by this court in the absence of express regulatory or statutory authority to the contrary, citing <u>Darby v. Cisneros</u>, 509 U.S. 137, 153 (1993) for the proposition that a district court lacks discretionary authority to require exhaustion of administrative remedies when neither a statute nor a regulation specifically mandates exhaustion. Wang argues that the USCIS decision is not subject to an administrative appeal, noting that the written decision denying her application expressly informed her that: "There is no appeal to this decision. You may, however, renew your request for permanent residence in removal proceedings under section 240 of the Act." Wang asserts that removal proceedings have not yet been initiated and, in any event, re-application of an adjustment of status in a removal proceeding is not an administrative appeal. Although Wang concedes that she may re-file an application for adjustment of status once removal proceedings are commenced, Wang argues she is already suffering immediate harm, including the revocation of her work visa. Wang also asserts that applying for a change of status to permanent resident in removal proceedings would be futile because the BIA lacks the authority to override 8 C.F.R. § 1245.1(c)(6)(i), which the BIA has misinterpreted as barring an adjustment of status to K-1 immigrants who did not marry their petitioning fiancé within 90 days after entering the United States.

The Second, Fifth, and Tenth Circuits have held that federal district courts lack jurisdiction to review a USCIS District Director's denial of an adjustment of status under 8 U.S.C. § 1255(a). See <u>Cardoso v. Reno</u>, 216 F.3d 512 (5th Cir. 2000); <u>McBrearty v. Perryman</u>, 212 F.3d 985 (7th Cir. 2000); <u>Howell v. INS</u>, 72 F.3d 288 (2nd Cir. 1995). The themes of these decisions are: (1) an alien denied an adjustment of status by the USCIS enjoys the express right to renew the application in removal proceedings, 8 C.F.R. § 245.2(a)(5)(ii), and therefore the APA's limitation on a discretionary application of an

3

exhaustion requirement, as recognized in Darby, is inapplicable; (2) 8 U.S.C. § 1252(g) of the Illegal Immigration Reform and Immigration Responsibility Act expressly denies a district court jurisdiction to hear any claim arising from the decision or action of the Attorney General "to commence proceedings, adjudicate cases, or execute removal orders . . . ." See Cardoso, 216 F.3d at 518; McBrearty, 212 F.3d at 987; Howell, 72 F.3d at 293.

8 U.S.C. § 1252 reads in pertinent part:

**§ 1252 Judicial Review of Orders of Removal**

(a) Applicable provisions

\* \* \*

(2) Matters not subject to judicial review

\* \* \*

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

\* \* \*

(d) Review of final orders

A court may review a final order of removal only if--

(1) the alien has exhausted all administrative remedies available to the alien as of right, and

(2) another court has not decided the validity of the order, unless the

4

reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

\* \* \*

(g) Exclusive jurisdiction

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §§ 1252(a)(2)(B), (d), (g) (emphasis added). The jurisdictional bar of § 1252(g) has been held to apply even where removal proceedings have not been initiated. See Cardoso, 216 F.3d at 518.

In a related context, the Sixth Circuit has held that 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)(ii) combined to preclude a district court from exercising subject matter jurisdiction over an action filed by an employer challenging the Attorney General's discretionary denial of a petition for the extension of an H1-B non-immigrant visa. CDI Information Services, Inc. v. Reno, 278 F.3d 616, 620 (6th Cir. 2002). The Sixth Circuit reasoned that the § 1252(g) statutory bar to a district court's exercise of jurisdiction over claims arising from the Attorney General's decisions in commencing removal proceedings, adjudicating removal cases, or executing removal orders "is not limited to discretionary decisions made within the context of removal proceedings." Id. at 620 (citing with approval McBreary, 212 F.3d at 987). Writing for the Seventh Circuit panel in McBreary, Judge Posner writes:

The suit [seeking district court review of denials of adjustment of status to lawful permanent resident under 8 U.S.C. § 1255] was premature, since, as the plaintiffs acknowledge, they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration

5

> service institutes removal (i.e., deportation) proceedings against them. See 8 U.S.C. § 1252(a)(1); 8 C.F.R. §§ 240.15, 245.2(a)(5)(ii). They thus have failed to exhaust their administrative remedies. The suit is also barred by the door-closing statute quoted above [8 U.S.C. § 1252(a)(2)(B)].

McBrearty, 212 F.3d at 987.

In the case at bar, Wang seeks direct district court review of the USCIS's denial of her application of an adjustment to permanent resident status under 8 U.S.C. § 1255. 8 U.S.C. § 1252(a)(2)(B)(i) expressly bars judicial review of "any judgment regarding the granting of relief under section . . . 1255." Analogous to the situation in CDI Information Services, 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)(i) combine to preclude this court from exercising subject matter jurisdiction over Wang's claim even though removal proceedings have not yet commenced. CDI Information Services, 278 F.3d at 620; Cardoso, 216 F.3d at 518.

Wang's district court authority of Mart v. Beebe, 94 F.Supp.2d 1120 (D.Or. 2000) and Hillcrest Baptist Church v. United States, No. C06-1042Z, 2007 WL 636826 (W.D. Wash. Feb. 23, 2007) (unpublished) is unpersuasive. The Sixth Circuit has rejected this minority view. See CDI Information Services, 278 F.3d at 619-620 (citing Mart as inconsistent with rules of statutory construction; citing McBreary with approval); Hillcrest, 2007 WL 636826, at *5 (recognizing split of authority and rejecting reasoning in Howell and McBreary). As reasoned in Howell, Darby is not controlling because, "even assuming that APA applies in the present case, agency regulations specifically identify the administrative remedies" for Wang to pursue. Howell, 72 F.3d at 293 (citing 8 C.F.R. § 245.5)(ii)). At the hearing, Wang identified other administrative remedies available to reinstate her legal authority to work in the United States. Wang's argument of futility is not persuasive given her right to appeal any decision of the BIA to the Sixth Circuit Court of Appeals where her interpretation of the statute can be determined.

6

For the reasons set forth above, defendants USCIS's and Field Office Director Linn's motion to dismiss is hereby GRANTED based on lack of subject matter jurisdiction. Kinsey, 98 F.Supp.2d at 835. The parties' cross-motions for summary judgment on the merits are hereby DENIED as MOOT. Defendants' October 31, 2007 motion for leave to file a supplement is hereby DENIED as MOOT. Wang's claims are hereby DISMISSED without prejudice.

SO ORDERED.

Dated: November 1, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 1, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk